UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------
HOLIDAY PRODUCIONS LLC                                  Index No.: XX-cv-XXXX

        Plaintiff,

    vs.                                                 COMPLAINT FOR
                                                        DECLARATORY JUDGEMENT
ANTHONY M. GALGANO, JR and/or THE                       AND DEMAND FOR JURY TRIAL
ESTATE OF ANTHONY M. GALGANO, JR.;
MICHAEL ANTHONY GALGANO, as trustee of
the Estate of Anthony M. Galgano, Jr. and individually;
MICHAEL T. SHIELDS; BRIAN J. SHIELDS; and
MICHAEL THOMAS SHIELDS, son of Michael T. Shields

        Defendants.
-------------------------------------------------------------

      NOW COMES Plaintiff HOLIDAY PRODUCTIONS LLC (hereinafter "Plaintiff" or

"Holiday Productions"), by and through their undersigned attorneys, INTELLECTULAW, The

Law Offices of P.B. Tufariello, P.C., on their behalf, and for their Complaint, against the above

named Defendants ANTHONY M. GALGANO, J.R. and/or the ESTATE OF ANTHONY M.

GALGANO, JR.; MICHAEL ANTHONY GALGANO, as trustee of the Estate of Anthony M.

Galgano, Jr. and individually; MICHAEL T. SHIELDS; BRIAN J. SHIELDS; and MICHAEL

THOMAS SHIELDS, son of Michael T. Shields (hereinafter jointly and severally "Defendants"),

allege and aver as follows:


## PARTIES

1.     Plaintiff, HOLIDAY PRODUCTIONS LLC is a limited liability company duly organized

       and existing under the laws of the state of New York, having a regular and established

       place of business at 27 Timber Ridge Dr, Hauppauge, New York 11718.

-1-

2.      Upon information and belief, Defendant Anthony M. Galgano, Jr. was an individual having a permanent residential address at 1 Harbor Rd, Hampton Bays, New York 11946.

3.      Upon information and belief, Defendant Estate of Anthony M. Galgano, Jr. is located in Suffolk County, New York and is being probated in Suffolk County Surrogate's Court by his son Michael Anthony Galgano.

4.      Upon information and belief, Defendant Michael Anthony Galgano is an individual and trustee of the Estate of Anthony M. Galgano, Jr. having a permanent residential address at 58 Hazelwood Ave, West Hampton Beach, New York, 11978.

5.      Upon information and belief, Defendant Michael T. Shields is an individual having a permanent residential address at 501 Woodbridge Road, Rockville Centre, New York, 11570.

6.      Upon information and belief, Defendant Brian J. Shields is an individual having a permanent residential address at 478 Woodbridge Road, Rockville Centre, New York 11570.

7.      Upon information and belief, Defendant Michael Thomas Shields is an individual having a permanent residential address at 52 Taft Ave, Lynbrook, New York 11563 and/or 300 West 122nd St Apt. 4e, New York, New York, 10027.

## JURISDICTION

8.      This Court has subject matter jurisdiction of this action on the following basis:

   a.      Under 28 U.S.C. §§ 2201-02 , the Federal Declaratory Judgement Act;

   b.      Under 28 U.S.C. § 1331 since the underlying issues raised in this action arise under the Laws of the United States, *i.e.*, the Lanham Act, 15 U.S.C. §§ 1114 and 1125 *et. seq.*;

    c.     Under 15 U.S.C. § 1121 since the underlying issues raised in this action involve questions arising under the Trademark Laws of the United States, Lanham Act, 15 U.S.C. §§ 1114 and 1125 *et. seq.*; and

    d.     Under 28 U.S.C. § 1367(a) since this action alleges state law violations that are part of the same case or controversy as those claims arising under the laws of the United States.

9.    Personal jurisdiction over Defendants is vested in this Court under NY CPLR § 301 in view of the fact that:

    a.     Upon information and belief, Defendants are domiciled in the state of New York; and

    b.     The claims alleged arise from the acts and conduct both Plaintiff and Defendants purposefully direct towards New York Residents.

10.    Venue is proper in the United States District Court for the Eastern District of New York, pursuant to 28 U.S.C. § 1391(b)-(c) since

    a.     Defendant Anthony M. Galgano was a natural person domiciled in this district;

    b.     Defendant Anthony M. Galgano's Estate is located and probated within this district;

    c.     Defendant Michael Anthony Galgano is a natural person domiciled in this district;

    d.     Defendant Michael T. Shields is a natural person domiciled in this district;

    e.     Defendant Brian J. Shields is a natural person domiciled in this district;

    f.     Defendant Michael Thomas Shields is a natural person domiciled in this district; and

g.  A substantial portion of the harm sought to be avoided and a substantial part of the events and omissions giving rise to the claims asserted herein occurred in this district.

## FACTS COMMON TO ALL CLAIMS

### I.  *PLAINTIFF HOLIDAY PRODUCTIONS LLC AND ITS BOARDY BARN TRADEMARK*

11.  Plaintiff Holiday Productions LLC was formed on February 27, 2018 in Suffolk County, NY.

12.  Holiday Productions is an event planning company that specializes in, but is not limited to, holiday decorating, and fundraising.

13.  The managing member of Holiday Productions is Sean Henderson.

14.  Holiday Productions is the owner of all rights, title, and interest in and to U.S. Intent-To-Use Trademark Application Serial No. 97/557,212 for the mark BOARDY BARN for use in connection with entertainment services.

15.  Holiday Productions filed its Intent-To-Use Trademark Application for the BOARDY BARN mark on August 20, 2022.

16.  Holiday Productions intends to use its BOARDY BARN mark in connection with entertainment services on September 25, 2022.

17.  Holiday Productions believes, for the reasons set forth below, that it is entitled to use the BOARDY BARN mark in commerce, has a *bona fide* intention to use the mark in commerce, and has a *bona fide* intention to use the mark in commerce as of the application filing date, *i.e.*, August 20, 2022.

18.  To the best of Holiday Productions' knowledge, information, and belief formed under an inquiry reasonable under the circumstances, no other persons or entities have the right to

use the mark in commerce, either in the identical form or in such resemblance as to be likely when used on or in connection with the goods/services of such other persons, to cause confusion or mistake or to deceive.

## II.   DEFENDANT ANTHONY M. GALGANO, JR. AND HIS BOARDY BARN TRADEMARK REGISTRATION

19.   Upon information and belief, Defendant Anthony M. Galgano, Jr. died in November 2021 at 78. Upon information and belief, Defendant Anthony M. Galgano, Jr. had been battling cancer since 2020.

20.   Defendant Anthony M. Galgano, Jr. is the owner of US Trademark Registration No. 2,208,780 (the "'780 Registration") for the mark BOARDY BARN.

21.   The '780 Registration comprises two international classes, *i.e.*, International Class 025 for "clothing and headgear, namely, T-shirts, tank tops, hats, shorts, sweatshirts, sweatpants, jackets, socks, pants"; and International Class 042 for "nightclub services."

22.   The USPTO issued the '780 Registration on December 8, 1998.

23.   On December 7, 2018, the USPTO renewed Defendant Anthony M. Galgano, Jr.'s '780 Registration in both International Classes 025 and 042 for another ten years.

24.   As of the date of preparation of the present Complaint, the USPTO TSDR status page indicates that the '780 Registration has been renewed and is currently active.

25.   The '780 Registration will remain active for another ten years if no one challenges it.

26.   Despite Defendant Anthony M. Galgano, Jr.'s passing, the USPTO file history of the '780 Registration shows no change in ownership from Defendant Anthony M. Galgano, Jr. to someone else.

## III.   DEFENDANT ANTHONY M. GALGANO'S USE OF THE BOARDY BARN TRADEMARK

27.   Upon information and belief, sometime before his passing, Defendant Anthony M. Galgano, Jr. granted two companies the right, license, and privilege to use the BOARDY BARN trademark of the '780 Registration. Upon information and belief, the companies were GHETTO KIDS, INC. and BOARDY BARN CORP.

28.   Upon information and belief, the company GHETTO KIDS, INC. is a company organized and existing under the laws of the state of New York, formerly having a principal place of business at 270 W Montauk H.W.Y., Hampton Bays, NY 11946.

29.   GHETTO KIDS, INC. was formed on September 13, 1974.

30.   Upon information and belief, the company BOARDY BARN CORP. is a company organized and existing under the laws of the state of New York, formerly having a principal place of business at 270 W Montauk H.W.Y., Hampton Bays, NY 11946.

31.   BOARDY BARN CORP. was formed on May 27, 1998.

32.   Comparing the address of GHETTO KIDS, INC. and BOARDY BARN CORP. to Defendant Anthony M. Galgano, Jr.'s address, as he recorded it with the USPTO during prosecution, issuance, and maintenance of the '780 Registration, they are identical, *i.e.*, 270 W Montauk H.W.Y., Hampton Bays, NY 11946.

33.   Upon information and belief, the Chief Executive Officer of both BOARDY BARN CORP. and GHETTO KIDS, INC. is Michael T. Shields.

34.   Upon information and belief, Michael T. Shields is a business associate of Defendant Anthony M. Galgano, Jr.

35.   Upon information and belief, Defendant Anthony M. Galgano, Jr. and Michael T. Shields were both shareholders in BOARDY BARN CORP. and GHETTO KIDS, INC.

36.     Upon information and belief, Defendant Anthony M. Galgano, Jr. and Michael T. Shields were both employed by BOARDY BARN CORP. and GHETTO KIDS, INC.

37.     Upon information and belief, Michael T. Shields resides at 501Woodbridge Road, Rockville Centre, NY, United States, 11570.

38.     Upon information and belief, in 1975, after the 1974 formation of GHETTO KIDS, INC., Defendant Anthony M. Galgano, Jr. and Michael T. Shields as individuals acquired title of a 2.6 acre parcel of land located at 270 W. Montauk H.W.Y., Hampton Bays, NY 11946 – that same address as that of the BOARDY BARN CORP. and Defendant Anthony M. Galgano, Jr. as indicated on the '780 Registration.

39.     Upon information and belief, following the Defendant Anthony M. Galgano, Jr.'s date of passing, GHETTO KIDS, INC. updated its filings with the New York Department of State on April 21, 2022, to change its business address from 270 W. Montauk Hway, Hampton Bays, NY 11946 to 501Woodbridge Road, Rockville Centre, NY, United States, 11570 – Michael T. Shields' (CEO of both GHETTO KIDS, INC. and BOARDY BARN CORP.) residential address.

40.     Neither Michael T. Shields nor the Defendant Anthony M. Galgano, Jr.'s Estate have taken any steps to amend the '780 Registration to reflect Anthony M. Galgano, Jr.'s passing or a new correspondence address, or a new ownership.

41.     As stated in above Paragraph 27, upon information and belief, Defendant Anthony M. Galgano, Jr. granted to GHETTO KIDS, INC. and BOARDY BARN CORP. the right, license, and privilege to use the BOARDY BARN mark of the '780 Registration.

42.     Upon information and belief, GHETTO KIDS, INC. and BOARDY BARN CORP. jointly and severally used the BOARDY BARN trademark in connection with apparel

and nightclub services that were jointly offered for sale and sold at a venue identified as THE BOARDY BARN HAMPTON BAYS ("the nightclub") located on the 2.6 acre parcel of land at 270 W. Montauk H.W.Y., Hampton Bays, NY 11946.

43.   GHETTO KIDS, INC. and BOARDY BARN CORP.'s joint and several use of the BOARDY BARN trademark innured to the benefit of the deceased Defendant Anthony M. Galgano, Jr., as owner of the '780 Registration.

44.   Upon information and belief, Defendant Anthony M. Galgano, Jr. was survived by his wife, Wendy Galgano, son, Michael Anthony Galgano, and daughter, Jennifer Minihane.

45.   Upon information and belief, Michael Anthony Galgano, Defendant Anthony M. Galgano, Jr.'s son, is the trustee of Defendant Anthony M. Galgano, Jr.'s Estate.

46.   Upon information and belief, Brian J. Shields is Michael T. Shields' son and is acting as an agent apparent of Michael T. Shields.

47.   Upon information and belief, Michael Thomas Shields is also Michael T. Shields' son and is acting as an agent apparent of Michael T. Shields.

48.   Upon information and belief, Wendy Galgano is Defendant Anthony M. Galgano, Jr.'s second wife and his widow.

### IV.   DEFENDANT ANTHONY M. GALGANO JR.'S CESSATION OF USE WITHOUT INTENT TO RESUME USE OF THE BOARDY BARN TRADEMARK AND ABANDONMENT OF ITS CORRESPONDING '780 REGISTRATION

49.   Upon information and belief, THE BOARDY BARN HAMPTON BAYS nightclub closed its doors in March 2020 due to the COVID-19 pandemic.

50.   Upon information and belief, on each of May 12, 2020, and June 30, 2020, the nightclub by and through GHETTO KIDS, INC. received a Paycheck Protection Program loan for

$124,500 as well as a Covid-19 Economic Injury Disaster Loan for $150,000 under the CARES ACT of 2020, respectively.

51.    Nonetheless, THE BOARDY BARN HAMPTON BAYS nightclub never re-opened its doors, despite announcing on September 15, 2021, that it was closed <u>for the season</u> (emphasis added).

52.    Preceding the nightclub's September 15, 2021, closed-for-the-season announcement, upon information and belief, on or about July 27, 2021, Defendant Anthony M. Galgano, Jr. and Michael T. Shields, as individual co-owners, transferred to a third entity, Déjà Vu All Over Again LLC, all of their rights, title, and interest in the 2.6 acres parcel of land upon which the nightclub sat, for $1,940,100.

53.    Upon information and belief, neither Defendant Anthony M. Galgano, Jr. nor Michael T. Shields have any ownership interest in Déjà vu All Over Again LLC.

54.    On October 22, 2021, Déjà Vu All Over Again LLC recorded the sale with the appropriate Suffolk County, Long Island, New York authorities.

55.    Approximately six months after Déjà Vu All Over Again LLC's recordation of its title to the 2.6 acre parcel of land where the nightclub sat, on May 2, 2022, Taylor K. Vecsey a reporter with www.behindthehedges.com reported on the closing of BOARDY BARN HAMPTON BAYS. *see* https://behindthehedges.com/boardy-barn-legendary-hampton-bays-bar-is-sold/ . Specifically, they reported as follows:

  a.    The Boardy Barn in Hampton Bays, under the same ownership for 50 years, has been sold.

  b.    It has been listed for sale in the fall of 2021. The 2.6-acre parcel was listed exclusively with Jones Lang LaSalle, a commercial property management

company. The asking price was not publicly listed and Jones Lang LaSalle did not respond immediately for comment.

c. The sale was announced on the Boardy Barn Facebook page on Thursday afternoon. "It is true that we have sold the property located at 270 West Montauk Highway Hampton Bays, effective May 5, 2022," read the message "to our beloved family, employees, customers, partners and community. . . . We are deeply grateful for the memories we hold in our hearts," the announcement also read.

d. The message from the Boardy Barn Facebook continued, "We wish the new owners all the best as they work to determine what the property will become."

e. "End of an era. So many memories (that I don't remember)" another Facebook user wrote.

56. Taylor K. Vecsey further reported that while the venue could remain a bar, it has also been billed as an investment opportunity ripe for redevelopment:

a. The property is a zoned highway business and offers 270 feet of frontage on the busy thoroughfare. The existing main building is 4,000 square feet with a legal tent/patio area, and offers more than 12,000 square feet. The business has an approved occupancy of 720 seats and 1,488 people standing. There are 33 parking spaces on the property.

57. As of the filing of the present Complaint, Google indicates that THE BOARDY BARN HAMPTON BAYS is permanently closed.

58. As per WBLI, a popular Long Island Radio Station, by October 1, 2021, the news was out that THE BOARDY BARN HAMPTON BAYS is permanently closing, and the new

owners are keeping mum about their plans for THE BOARDY BARN HAMPTON BAYS spot.

59.     On May 22, 2022, The Southampton press in https://www.27east.com/southampton-press/boardy-barns-new-owners-keeping-mum-about-their-plans-for-storied-party-spot-1967927/ reported that the buying parties were still unsure how they wanted to use the property.

  a.   The buyers filed a request for a liquor license and they described the operation as a "beer garden." It cites plans for a bar/tavern offering a limited menu.

  b.   The box for music is checked with acoustic and live bands listed. The box for dancing was not checked. It also looked for a licensed outdoor deck or patio.

  c.   The box asking if the applicant is also the owner of the property was checked "NO."

  d.   The owner is listed as VOXI. Realty LLC, but the phone number given for the owner is answered by LONG ISLAND HOTELS LLC, a hospitality group based in Islandia and owned by two individuals, *i.e.*, John A. Danzi and John Tsunis.

60.     THE BOARDY BARN HAMPTON BAYS's Facebook page, *i.e.*, www.facebook.com/boardybarn/, indicates that nightclub is permanently closed.

61.     As of the preparation date of the present pleading http://www.boardybarn.com/?fbclid=IwAR0l1O0Qq6jH47BW6AnrWOj43_dunpdQcaZ2xzax0Eh2VMHg8nSLR5TRf9k  indicates that the domain name www.boardybarn.com is not connected to any website. In other words, THE BOARDY BARN HAMPTON BAYS website is no longer a live website.

62.     https://web.archive.org/web/20220708221757/https://www.boardybarn.com/  indicates

that a single-page website was still live and connected to www.boardybarn.com  on July

8, 2022. The page set forth the following paragraph:

> To our beloved family, employees, customers, partners and
> community: Mickey Shields [Michael T. Shields] and Tony
> Galgano [Anthony M. Galgano, Jr.] first opened the barn doors on
> April 16, 1970. . . . We are deeply grateful for the memories we
> hold in our hearts. It's true that we have sold the property located at
> 270 West Montauk Highway Hampton Bays, effective May 5
> 2022. We wish the new owners all the best as they work to
> determine what the property will become. We invite you to stay
> connected on social media so we can keep the memories alive.

63.     The preceding are only some of the plethora of announcements and third-party reports

confirming the shutting down of THE BOARDY BARN HAMPTON BAYS nightclub.

64.     Despite the plethora of announcements and reports by both third-parties and the former

nightclub management, there is no statement of any kind to indicate that the BOARDY

BARN trademark together with its associated business goodwill have been transferred or

assigned either to the new owners of the 2.6 parcel of land on which the nightclub sat, or

someone else. Quite the contrary. All public announcements state that THE BOARDY

BARN HAMPTON BAYS is permanently closed.

65.     Since neither the BOARDY BARN trademark and its corresponding '780 Registration,

nor the good will associated with it have been transferred or assigned to anyone by either

Anthony M. Galgano, Jr., while he was still alive, or his Estate following his passing,

Anthony M. Galgano, Jr. and/or his Estate have effectively abandoned the mark.

## V.      EVENTS GIVING RISE TO HOLIDAY PRODUCTIONS' REQUEST FOR DECLARATORY JUDGEMENT.

66.     On or about June of 2022, Plaintiff Holiday Productions LLC Managing Member Sean

Henderson, having been a longtime patron and supporter of the BOARDY BARN,

-12-

HAMPTON BAYS nightclub and a friend of Defendant Anthony M. Galgano, Jr., proposed within Holiday Productions a BOARDY BARN REUNION AND FUNDRAISER EVENT (the "Event") at Southhaven County Park in Brookhaven, Long Island, New York.

67. Holiday Productions secured Defendant Anthony M. Galgano, Jr.'s widow Wendy Galgano's permission to execute the Event.

68. Widow Wendy Galgano has the right to grant permission to Holiday Productions to execute the event because, upon information and belief, Defendant Anthony M. Galgano, Jr. died intestate and because under New York Law, Wendy Galgano is a 50% heir of Defendant Anthony M. Galgano Jr.'s Estate. NY EPTL § 4-1.1(a).

69. On July 27, 2022, the Suffolk County, Long Island County Executive Office issued Resolution No. 610-2022 authorizing use of Southhaven County Park in Brookhaven by Holiday Productions LLC for its BOARDY BARN REUNION AND FUNDRAISER EVENT. A true and accurate copy of Resolution No. 610-2022 is annexed hereto as **Exhibit 1**.

70. The resolution specifically states that "Holiday Productions LLC wishes to organize and host a Boardy Barn Reunion Fundraiser at Southhaven County Park on September 24 and 25, 2022, to reunite former staff and customers, as well as family members of the recently deceased owner of the Boardy Barn in a safe and structured environment." (*see* Ex. 1).

71. The resolution also states that "proceeds from the event will benefit local school scholarship programs" and "promote the general welfare of the residents of Suffolk County[.]" (*see* Ex. 1).

72.     The resolution further states that the County of Suffolk shall receive, among other things, "consideration in the amount of four dollars ($4) per person event fee, as well as a twenty-five dollar ($25) application fee and a forty dollar ($40) alcohol permit for the day." (*see* Ex. 1). Holiday Productions estimated that the County of Suffolk would receive approximately $20,000 from the Event.

73.     Upon securing the permit, Holiday Productions began advertising, marketing and promoting the event as well as selling event tickets through at least one social media platform, *i.e.*, Facebook®.

74.     On or about August 4, 2022, Sean Henderson had a text message conversation with Brian J. Shields which reads as follows:

>       SEAN: "Hey just so you know Wendy is not involved with anything nor is working but would love to get as much of the old staff to work"
>       BRIAN: "All good my man. Anyone who wants to work it god bless ."
>       SEAN: "Ok cool thanks if u change you mind I will put you in"

75.     Sometime thereafter, Sean Henderson received another text message from Brian J. Shields which now read as follows:

>       Hi Sean. You cannot use the words Boardy Barn or any representation of it. For anything. Included reunions. Rename it. We have a copyright on it. I will send over to our lawyer. I know it is something you are doing out of respect for the place. But any representation of the Boardy Barn is not allowed. Thank you.

76.     On or about August 15, 2022, Mike Shields shared the following Facebook post to his feed:

>       Hey Sean Henderson and Bruce Harris gosh it's great to hear from you…just catching wind of this Barn fundraiser you're hosting. You know the one to raise money for - schools is it? Scholarships? Funny enough, I was just at my dad's house, and he said he hadn't given his approval for this event, and that he's not aware of any charity

involved. Huh!? Given that it seems both of you are super passionate about the community and education - was wondering if you can fill us in on where the money you raise is headed? How much are you charging again? I mean, I'm not worried, since I'm assuming you're planning to open up the books and be completely transparent about all the cash that comes in - since again, it's a charity event. Surely, you've got volunteer staffers and all that. I mean, you wouldn't be planning on making any money off this thing, right? Not sure if you'd heard – while the barn has been sold, Mickey [Michael T. Shields] and Tony's [Anthony M. Galgano, Jr.] family still own the name and brand. So can you imagine if someone tried to make money using the Barn's name, logos, colors, etc - that would be incredibly reckless on your part right? I mean could you imagine the legal trouble, fines, that could result? Yikes! But again, I'm sure this is on the up and up. If it wasn't, I'm sure you wouldn't have any of the so-called orange brotherhood participating right? That would seem to be a betrayal. Again, I'm sure you've gotten all the permissions you need and have dotted all the i's and that sort of thing. I couldn't imagine someone trying to exploit an 81-year old man who we all know is super nice and not looking to have a confrontation, let alone Tony's [Anthony M. Galgano, Jr.] family. Could you? Anyhow, remind me again - what years did you guys work at the Barn, anyhow? It must have been after my time - but it's great that two former …fundraising, right? Tell us more about the scholarships again…do you all get to meet the kids you touch – or talk to them? Would love to hear some of the inspirational stories you share. In fact, not sure if you guys saw, but a few weeks back I had written a piece for Newsday about the Barn…I wonder if I should give them a call? Maybe they could help publicize your event, and ask you more about how it came about, and how you launched your website using pictures of the Barn. Just let me know. If not, I can also help you guys out with some great copyright attorneys if that's helpful. Anyway, best of luck. Keep us all posted - I'll ask Mick [Michael T. Shields] again - maybe he'll be able to remember more about your conversation with him getting his approval, or the charity's involved. Oh and put me down for a $10 donation as well!

77.   Upon information and belief, Michael Thomas Shields, Brian J. Shields, and/or Michael Anthony Galgano contact Facebook on the regular asking for the taking down of all of Holiday Productions solicitations for the Event. Every time Holiday Productions uploads a post about the Event, Facebook upon request takes it down.

78.   On August 18, 2022 Long Island's local news channel, *i.e.*, NEWS12 LONG ISLAND aka Channel 12, made the following announcement:

> Boardy Barn giving an update to their family and friends, tonight the iconic summer spot posted a statement to their Facebook page saying in part, "We want you to know that there are no parties, happy hours, fundraisers, or any other types of events authorized by the Boardy Barn at this time." But they will let you know when and if that changes.

79.   Upon information and belief, Michael Thomas Shields, Brian J. Shields, and/or Michael Anthony Galgano have no authority to contact Facebook on the regular, asking for the taking down of all of Holiday Productions solicitations for the Event or for asking Channel 12 among others to make the foregoing announcements.

80.   Michael Anthony Galgano, a trustee of the estate of Anthony M. Galgano, Jr., Michael Thomas Shields, and Brian J. Shields joint and several actions some of them set forth above, constitute an unauthorized, improper, and illegal campaign to sabotage the Event, and to improperly use Defendant Anthony M. Galgano, Jr.'s BOARDY BARN mark and its corresponding '780 Registration.

81.   As a result of the Trustee Michael Anthony Galgano, Michael Thomas Shields, and Brian J. Shields' unauthorized, improper and illegal campaign to sabotage the Event, Holiday Productions is not able to sell tickets. Failure to sell tickets not only harms Holiday Productions, but also harms the general welfare of the residents of Suffolk County, the local government of Suffolk County itself by depriving it of revenues it will receive as a result of the Event, and the local school scholarship programs the Event will benefit.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgement Canceling the '780 Registration

82.     Holiday Productions LLC incorporates by reference all of their allegations contained in Paragraphs 1-81 of the present Complaint as though more fully set forth herein.

83.     Defendants, through their activities and threats of litigation set forth in Paragraphs 75-76 and publicized cessation of business set forth in Paragraphs 51-65, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.,* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

84.     Defendant Anthony M. Galgano, Jr., the sole owner of the '780 Registration, has passed away.

85.     Defendants Anthony M. Galgano, Jr. and Anthony M. Galgano, Jr.'s Estate failed to amend the USPTO record to reflect a new correspondence address or new owner.

86.     There is an absence of documents showing the transfer or assignment to new owners of all rights, title, and interest in the '780 Registration, together with the goodwill associated.

87.     The BOARDY BARN HAMPTON BAYS nightclub and events venue is permanently closed.

88.     Defendant Anthony M. Galgano, Jr.'s Estate has not made any statement that would indicate their intent to continue to use the mark in interstate commerce both in connection with nightclub services first and then with clothing. And with the exception of Defendant Anthony M. Galgano's Estate, the remainder Defendants have no authority to indicate such an intent.

89.     Accordingly, Defendant Anthony M. Galgano, Jr. and/or his Estate have ceased use of the BOARDY BARN mark and have effectively abandoned the '780 Registration.

90.    Holiday Productions LLC has been severely prejudiced and will continue to suffer injury by Defendants' continued representations that they are the owners of the BOARDY BARN mark and its corresponding '780 Registration.

91.    Holiday Productions LLC seeks a declaratory judgment and a determination that Defendants have abandoned the mark BOARDY BARN as per 15 U.S.C. § 1064 through non-use without the intent to resume use, and thus, its Registration on the Federal Trademark Register should be cancelled.

92.    Failure to Cancel the '780 Registration will continue to harm Holiday Productions LLC, the general welfare of the residents of Suffolk County, the local government of Suffolk County, and Suffolk County local school scholarship programs.

### SECOND CLAIM FOR RELIEF
### Declaratory Judgement of Non-Infringement
### of the mark BOARDY BARN on the basis of Abandonment

93.    Holiday Productions LLC incorporates by reference all of their allegations contained in Paragraphs 1-92 of the present Complaint as though more fully set forth herein.

94.    Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

95.    Defendant Anthony M. Galgano, Jr., the sole owner of the BOARDY BARN mark has passed away.

96.    The BOARDY BARN HAMPTON BAYS nightclub and events venue is permanently closed.

97.    Defendant Anthony M. Galgano, Jr and/or his Estate have not made any statement that would indicate their intent to continue to use the mark in interstate commerce both in

connection with nightclub services first and then with clothing. And with the exception of Defendant Anthony M. Galgano's Estate, the remainder Defendants have no authority to indicate such an intent.

98.    Accordingly, Defendant Anthony M. Galgano, Jr and/or his Estate have ceased use of the BOARDY BARN mark, thereby effectively abandoning it.

99.    Holiday Productions LLC has been severely prejudiced and will continue to suffer injury by Defendants' continued representations that Holiday Productions are improperly, illegally and fraudulently using the BOARDY BARN mark, even though Defendant Anthony M. Galgano, Jr and/or his Estate have abandoned the mark.

100.   Holiday Productions LLC seeks a declaratory judgment and a determination that its use of the mark BOARDY BARN is not fraudulent or unlawful and does not constitute trademark infringement of Defendant Anthony M. Galgano's mark under 15 U.S.C. § 1114 because said mark is abandoned.

101.   Failure to find that Defendant Anthony M. Galgano, Jr and/or his Estate abandoned the BOARDY BARN mark will continue to harm Holiday Productions LLC, the general welfare of the residents of Suffolk County, the local government of Suffolk County, and Suffolk County local school scholarship programs.

**THIRD CLAIM FOR RELIEF**
**Declaratory Judgement of Non-Infringement of the mark**
**BOARDY BARN based on License**

102.   Holiday Productions LLC incorporates by reference all of their allegations contained in Paragraphs 1-101 of the present Complaint as though more fully set forth herein.

103. Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

104. If this Court finds that Defendant Anthony M. Galgano, Jr. and/or his Estate did not abandon the BOARDY BARN mark, then Holiday Productions LLC seeks a declaratory judgement and a determination that its use of the mark BOARDY BARN is not unlawful and does not constitute trademark infringement of Defendants' mark under 15 U.S.C. § 1114 because Holiday Productions LLC has owner authorization and therefore a license to use the BOARDY BARN mark in connection with the Event and any other events similar thereto.

105. Defendant Anthony M. Galgano, Jr. died intestate. Accordingly, the only entity who has the authority to grant a license to use the BOARDY BARN mark is Defendant Anthony M. Galgano, Jr.'s Estate, which comprises his wife Wendy Galgano and his son and daughter.

106. Holiday Productions secured Defendant Anthony M. Galgano, Jr.'s widow Wendy Galgano's permission to use the BOARDY BARN mark.

107. Widow Wendy Galgano has the right to grant permission to Holiday Productions to use the BOARDY BARN mark, because under New York Law, Wendy Galgano is a 50% heir of Defendant Anthony M. Galgano Jr.'s Estate. NY EPTL § 4-1.1(a).

108. Holiday Productions LLC has been severely prejudiced and will continue to suffer injury by Defendants' continued representations that Holiday Productions are improperly, illegally and fraudulently using the BOARDY BARN mark, even though Holiday Productions is authorized to use the BOARDY BARN mark.

109.   Holiday Productions LLC seeks a declaratory judgment and a determination that its use of the mark BOARDY BARN is not fraudulent or unlawful and does not constitute trademark infringement of Defendant Anthony M. Galgano's mark under 15 U.S.C. § 1114 because Holiday Productions LLC has authorization to use the BOARDY BARN mark.

110.   Failure to find that Wendy Galgano has the right to grant permission to Holiday Productions to use the BOARDY BARN mark under NY EPTL § 4-1.1(a), a right that she executed when she granted permission and license to Holiday Productions, which Holiday Productions accepted, to use the BOARDY BARN mark will continue to harm Holiday Productions LLC, the general welfare of the residents of Suffolk County, the local government of Suffolk County, and Suffolk County local school scholarship programs.

### FOURTH CLAIM FOR RELIEF
### Declaratory Judgement of Non-Infringement of the mark
### BOARDY BARN based on Fair Use

111.   Holiday Productions LLC incorporates by reference all of their allegations contained in Paragraphs 1-110 of the present Complaint as though more fully set forth herein.

112.   Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

113.   Based on all of the foregoing, Holiday Productions LLC seeks a declaratory judgement and a determination that its use of the mark BOARDY BARN is fair use and does not constitute trademark infringement of Defendants' mark BOARDY BARN under 15 U.S.C. § 1115(b)(4).

114.    Failure to find that Holiday Productions' use the BOARDY BARN mark constitutes fair use, will continue to harm Holiday Productions LLC, the general welfare of the residents of Suffolk County, the local government of Suffolk County, and Suffolk County local school scholarship programs.

**FIFTH CLAIM FOR RELIEF**
**Declaratory Judgement for Non-Violation of**
**New York General Business Law § 133**

115.    Holiday Productions LLC incorporates by reference all of their allegations contained in Paragraphs 1-114 of the present Complaint as though more fully set forth herein.

116.    Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

117.    Holiday Productions LLC seeks a declaratory judgement and a determination that its actions do not constitute the assumption, adoption or use, with the intent to deceive members of the public and media, for advertising and other purposes, of the BOARDY BARN mark and colorable imitations thereof, which may deceive or mislead the aforementioned as to the identity of Plaintiff or its goods and services or as to an unfounded connection of Defendants with Plaintiff, in violation of New York Gen. Bus. Law § 133, and similar statutory or common laws of other states, in that it is unlikely to cause injury to Defendants.

118.    Plaintiff's acts cannot and will not cause substantial and irreparable injury to Defendants, and Plaintiff's continued use of the mark BOARDY BARN cannot and will not damage Defendants' goodwill, and reputation.

-22-

## SIXTH CLAIM FOR RELIEF
### Declaratory Judgement for Non-Violation of
### New York General Business Law § 349

119.   Holiday Productions LLC incorporates by reference all of their allegations contained in

Paragraphs 1-118 of the present Complaint as though more fully set forth herein.

120.   Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case

of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the

declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

121.   Holiday Productions LLC seeks a declaratory judgement and a determination that its use

of the BOARDY BARN mark does not constitute state unfair competition because it does

not compromise or constitute any deceptive business practices, as defined by New York

Gen. Bus. Law § 349 as to the affiliation, connection and association between the

Defendants' goods and services and the Plaintiff's goods and services in violation of New

York Gen. Bus. Law § 349.

122.   Plaintiff has not caused Defendants irreparable harm and injury nor have has it engaged

in acts of infringement or unfair competition.

123.   Defendants cannot and will not suffer irreparable harm and injury if Plaintiff continues its

use of the mark BOARDY BARN.

## SEVENTH CLAIM FOR RELIEF
### Declaratory Judgement for Non-Violation of
### New York General Business Law § 360-1

124.   Holiday Productions LLC incorporates by reference all of their allegations contained in

Paragraphs 1-123 of the present Complaint as though more fully set forth herein.

125.   Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

126.   Holiday Productions LLC seeks a declaratory judgement and a determination that its activities set forth herein above are not in violation of New York Gen. Bus. Law § 360-1, and similar statutory or common laws of other states in that they are unlikely to cause injury to Defendants' business reputation or dilute the distinctive quality of the BOARDY BARN mark.

127.   Plaintiff has not and cannot cause Defendants substantial and irreparable harm nor do damage to Defendants' business activities, goodwill, and reputation.

### EIGHTH CLAIM FOR RELIEF
#### Declaratory Judgement for Non-Infringement Pursuant to New York State Common Law, New York State Trademark Law, and New York State Unfair Competition Laws

128.   Holiday Productions LLC incorporates by reference all of their allegations contained in Paragraphs 1-127 of the present Complaint as though more fully set forth herein.

129.   Defendants, through their threats of litigation set forth in Paragraphs 75-76, create a case of actual controversy within the meaning of 28 U.S.C. § 2201 *et. seq.* thus warranting the declaratory relief sought by Plaintiff Holiday Productions LLC in the present claim.

130.   Holiday Productions LLC seeks a declaratory judgement and a determination that its use of the BOARDY BARN mark does not constitute infringement pursuant to New York State Common Law, New York State Trademark Law, and/or New York State Unfair Competition Law as defined by New York Statutes and Case Law as to the affiliation, connection and association between Defendants' business and Plaintiff's business.

131.   Plaintiff has not caused Defendants irreparable harm and injury nor have has it engaged in acts of infringement or unfair competition.

132.   Defendants cannot and will not suffer irreparable harm and injury if Plaintiff continues its use of the mark BOARDY BARN.

**<u>REQUEST FOR RELIEF</u>**

**WHEREFORE,** Plaintiff Holiday Productions LLC pray and respectfully request that Judgement be entered Holding that:

  I.   Defendants have effectively abandoned their mark BOARDY BARN.

 II.   Plaintiff's use of the mark BOARDY BARN is not unlawful and does not constitute trademark infringement.

III.   Should Defendants' right to the BOARDY BARN mark exist, Plaintiff's use of the BOARDY BARN mark is under license and/or constitutes fair use.

**WHEREFORE,** Plaintiff Holiday Productions LLC further prays and respectfully requests that all Defendants, and all persons acting in concert or participating with them be preliminarily and permanently enjoined from publicizing any information, on any and via any communication platform, either directly or indirectly, which might directly or indirectly convey or infer the message that Plaintiff's use of the BOARDY BARN trademark is unlawful, improper, unauthorized, or constitutes trademark infringement or a violation of any other law.   And,

**WHEREFORE**, Plaintiff Holiday Productions LLC prays and respectfully requests that the Plaintiff shall have such other relief as this Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38(d) of the Federal Rules of Civil Procedure, Plaintiff Holiday

Productions LLC hereby demands a trial by jury on all issues so triable by right.

Respectfully Submitted,
INTELLECTULAW
THE LAW OFFICES OF PB TUFARIELLO, PC.

Dated: 9/2/2022

Panagiota Betty Tufariello
25 Little Harbor Road
Mount Sinai, NY 11766
(631) 476-8734
(631) 476-8737 (FAX)
pbtufariello@intellectulaw.com
*Attorneys for Plaintiff*
*Holiday Productions LLC*

-26-